**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No. 10-20581-1

JOHN WILSON, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

On December 11, 2012, Defendant John Wilson pleaded guilty to two counts of mail fraud and one count of failure to file a federal income tax return. The parties reached a plea agreement but disputed the applicability of the vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). The agreement stated that if § 3A1.1(b)(1) does not apply, then the sentencing guideline range is 140-175 months. If § 3A1.1(b)(1) does apply, then the parties agreed to a 168-210 month guideline range. The agreement also noted that "[t]he Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation." (Dkt. # 107 at Pg 8.) The court repeatedly confirmed this point with Defendant during his December 11, 2012 plea hearing.

On March 5, 2013, Defense counsel received the presentence investigation report. The report asserted that Defendant had an offense level of 39 and criminal

history category of IV, providing for a sentencing range of 360 months-to-life.  The Probation Department recommended a guideline range of 360-492 months—a range at least 150 months greater than the high end of the 168-210 month range offered by the Government in the plea agreement.  Recognizing the disparity, Defendant moves to withdraw his guilty plea.

A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).  When a defendant knowingly and voluntarily pleads guilty at a hearing, "the occasion for setting aside a guilty plea should seldom arise."  *Id.* (citation omitted).  A defendant "bears the burden of proving that he is entitled to withdraw his guilty plea."  *Id.*

Defendant's sole reason for seeking to withdraw his guilty plea is that he did not expect the Probation Department's recommended range to be significantly higher than the Government's recommended range.  Defendant argues that the possibility of being sentenced using the Probation Department's recommended range as a starting point constitutes a "fair and just reason" to allow him to withdraw his guilty plea.

Defendant may not withdraw his guilty plea simply because he is surprised by the Probation Department's recommended guideline range.  The fact that a defendant's guideline range is higher than expected is not a fair and just reason warranting withdrawal of a valid guilty plea.  *United States v. Gibson*, 135 F.3d 1124, 1127 (6th Cir. 1998); *see also United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) ("[T]he

mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement."). Allowing a defendant to withdraw a plea based upon the possibility of being subject to an unexpectedly high guideline range "is exactly the type of tactical reconsideration prohibited by [the Sixth Circuit]." *United States v. Sharp*, 424 F. App'x 475, 485 (6th Cir. 2011) (citing *Ellis*, 470 F.3d at 281).

Furthermore, Defendant was fully aware that the court was not bound by the plea agreement's recommended guideline ranges and that Defendant had no right to withdraw his plea if the court did not follow the recommendation. In addition to the plea agreement explicitly so stating, the court confirmed these facts with Defendant multiple times during the plea hearing:

> The Court: So your conviction, if I accept your plea of guilty, will be set in rapid-curing cement. It will not change. It will not be withdrawn. I will not listen to any change of mind or change of heart.
>
> Defendant: Correct.
>
> The Court: Do you understand that?
>
> Defendant: Yes, your Honor.
>
> The Court: It is a permanent decision that you're making in terms of essentially convicting yourself by your admission; do you understand that?
>
> Defendant: Yes, your Honor.
>
> . . .
>
> The Court: Under the law, it is my responsibility to make a final calculation of your sentencing guidelines, and to select a sentence which is appropriate, as far as I am concerned, with guidance from the guideline range that's calculated.
>
> . . .

The Court: The probation officer will weigh in on this as well, but I need to make [my] own determination of what the correct guideline calculation is. . . . I could also calculate a higher range if there was something else that they missed in terms of these kinds of calculations. Do you understand that idea?

Defendant: I trust you, yes.

The Court: And you understand that it's my final decision.

Defendant: Yes, I do, sir.

The Court: Now, with the guideline range being calculated, that's only the beginning of the judge's sentencing consideration. . . . [I]t is also legitimate for a judge to go above the maximum of the sentencing range, if there are sensible and explainable reasons that justify a higher sentence in the judge's estimation of that particular case. Those are all legal and may well be sustainable sentencing possibilities. Do you understand that, sir?

Defendant: Yes, your Honor.

 . . .

The Court: Do you have any questions about all of that sentencing discussion? Is there any uncertainty in your mind after all of this?

Defendant: No. My attorneys have thoroughly went over this. We had great discussions over the many months that we worked on this.

 . . .

The Court: [T]here's no prediction of a proper sentence. There's no prediction of whether I would choose to go below the guideline range or above it, or promise to do anything.

 . . .

The Court: The recommendations in part 2 and part 3 of the Rule 11 plea agreement are not binding on the Court. Therefore, the defendant has no . . . right to withdraw his guilty plea, and the parties have no right to withdraw from the agreement if the Court decides not to follow either of the sentencing guideline ranges as noted in the agreement.

 . . . .

4

>The Court: And you want to live by the terms of this agreement; is that right sir?
>
>Defendant: Yes, your Honor.
>
>. . .
>
>The Court: And the Government will, in that event, recommend that I go no higher than 210 months with a sentence. This is a recommendation only. And under the provisions of the Federal Rules of Civil Procedure, there's nothing illegal or improper about me sentencing you to, for example, 211 months beyond the recommended high end range presented by the Government. Understood?
>
>Defendant: Yes, your Honor.
>
>The Court: If I were to do that, using those numbers as mere examples, that would mean that you would be able to appeal the sentence and to claim that it was unjustifiably high, that additional month that I'm hypothetically talking about here. Your conviction, based upon your plea, however, would remain unappealable and unchangeable. Only the sentence would have been unexpectedly high or higher than you've bargained for here, with respect to this recommendation. Do you understand the details of that?
>
>Defendant: Yes, your Honor.

(Plea Hr'g Tr. at 13, 20-23, 29-31.)

Given Defendant's repeated confirmations that he understood that the court is not bound by the plea agreement's recommended guideline ranges, he cannot credibly claim that it would be unjust if the court used the Probation Department's recommended range as a starting point for determining his sentence. Defendant did not plead guilty with an "unsure heart" or "confused mind," but rather did so knowingly and voluntarily. By arguing only that the Probation Department's recommended guideline range is significantly higher than expected, Defendant has not met his burden of showing a "fair and just" reason for allowing a withdrawal of his guilty plea. Accordingly,

5

IT IS ORDERED that Defendant's motion to withdraw guilty plea [Dkt. # 117] is DENIED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: May 9, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2013, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522