UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.

                                                  Case No. 10-20581

JOHN WILSON,

          Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE AND DENYING AS MOOT DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL AND MOTIONS TO SUPPLEMENT**

      Defendant John Wilson pleaded guilty to two counts of mail fraud and one count of filing a false tax return in connection to a complex, decade-long scheme in which he fraudulently promised legal services to thousands of inmates and their families across the country. (ECF No. 107, PageID.1280.) He was indicted by a grand jury on seventy-one counts of mail fraud, four counts of failure to file his income tax returns, one count of being a felon in possession of a firearm, and a forfeiture allegation over $ 2,000,000. (ECF No. 3.) Nearly three years after he was indicted, he pleaded guilty to two counts of mail fraud and one count of filing false tax returns. (ECF No. 135.) The court sentenced him to 240 months imprisonment and ordered him to pay $ 2,177,308.93 in restitution. (ECF No. 135, PageID.1564–67.)

      Defendant is now 64 years old and incarcerated at FCI Greenville. He is not scheduled for release until December 2028. Currently pending before the court is Defendant's motion for compassionate release in which he argues that his early release is justified based on his age and medical conditions, which make him vulnerable to

contracting COVID-19. (ECF No. 146.) The court previously ruled that this motion would be decided without oral argument. (ECF No. 147.) Defendant has also filed a motion for appointment of counsel to help him prepare his request for compassionate release and motions to supplement his motion for compassionate release. In opposition, the Government argues that Defendant failed to exhaust his administrative remedies, his diagnosed medical conditions do not constitute compelling and extraordinary circumstances for release, he would pose a danger to the community if released, and that the sentencing factors outlined in 18 U.S.C. § 3553(a) do not support release. For the reasons explained below, the court will deny the motion.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice,

Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances and fit within one of the four categories described in § 1B.13 of the Sentencing Guidelines, and the court must determine both that the sentencing factors outlined in § 3553(a) weigh in favor of release and that the defendant does not pose a threat to others as determined by § 3142(g). *See* 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in 2018, a defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant made at least one, formal request for compassionate release to the Warden of his facility in June 2020. (ECF No. 146, PageID.1711, 1726.) The Government argues that this request is not sufficient to satisfy the administrative exhaustion requirement because it contains no information regarding the medical conditions Defendant claims justify his release in the instant motion. (ECF No. 151,

3

PageID.1793.) Attached to Defendant's June 21 administrative request is a letter in which Defendant alludes to his "underlying health conditions," among other reasons, as factors supporting his administrative request for release. (ECF No. 146, PageID.1727.) While the letter does not contain an abundance of details, the degree of specificity needed for an inmate's request to satisfy exhaustion requirements is not clearly defined. At "a minimum" a request must include:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a). The court assumes, for purposes of this motion and in the interest of judicial economy, that Defendant's June 21 request referencing his health conditions contains sufficient factual details to satisfy exhaustion requirements. But even if Defendant properly exhausted his request, the court will deny his motion for several reasons.

First, Defendant has not presented any "extraordinary and compelling reasons for [a] sentence reduction" under § 3582(c)(1)(A) to support his early release. His medical records reveal diagnoses for anxiety, esophageal reflux, hypertension, and hyperlipidemia (high cholesterol). (ECF No. 153-2, PageID.1824.) None of these conditions—independently or in aggregate—rise to the level of compelling and extraordinary circumstances under USSG § 1B1.13 cmt. n.1. Such conditions,

4

particularly high blood pressure and high cholesterol[1], are not out of the ordinary, fatal, or untreatable at his current facility. Nor are these conditions recognized by the CDC in its updated guidelines as placing individuals at an increased risk for suffering severe reactions to COVID-19. CDC, *People with Certain Medical Conditions* (updated Aug. 14, 2020), <https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html>. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant's diagnosed conditions are not so "extraordinary" for a man of his age to justify the exceptional remedy of early release.

Second, the court concludes that release is not justified based on Defendant's potential risk to the community under 18 U.S.C. § 3142(g). That Defendant's crimes were nonviolent does not change the court's determination on this point. *See United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (citing *United States v. Vance*, 851 F.2d 166, 169–70 (6th Cir. 1988)) ("The concept of a defendant's dangerousness encompasses more than merely the danger of harm

---

[1] See *More Than 100 Million Americans Have High Blood Pressure, AHA Says*, American Heart Association (Jan. 31, 2018), https://www.heart.org/en/news/2018/05/01/more-than-100-million-americans-have-high-blood-pressure-aha-says; *September Is National Cholesterol Education Month*, Centers for Disease Control and Prevention, https://www.cdc.gov/cholesterol/cholesterol_education_month.htm (last visited Sept. 9, 2020) (stating that 102 million U.S. adults have unhealthy cholesterol levels).

involving physical violence."). Defendant is a prolific and serial scam artist. The instant offense was perhaps Defendant's longest and most intricate scheme, it is by no means his first. As early as 1988, Defendant impersonated an emergency room physician; he carried a Henry Ford Hospital ID badge bearing the name "John Wilson MD", created a hospital rotation schedule, and even listed his name with Michigan Bell Telephone Company as "Dr. John Wilson, MD." (ECF No. 151, PageID.1809 (citing PSR ¶ 100)). He then moved on to impersonating an Oakland County Sherriff, frequently using the costume he created for this persona to avoid parking and speeding tickets. (*Id.* at PageID.1809–10.) This con earned him a conviction in 1995 for impersonating an officer. Defendant's final scheme relied on him impersonating a lawyer and offering legal services, which he could not provide, to desperate inmates and their families. The court has little reason to believe that Defendant, like many others, would not attempt to exploit the present global pandemic for his own, ill-gotten benefit.[2] Defendant's risk of danger to the community alone justifies denial of his motion. *See United States v. Knight,* No. 15-20283, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020)(Steeh, J.) (citing *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010)).

---

[2] *See, e.g.*, *See* Greg Iacurci, *Americans lost $77 million to Covid-19 fraud — and that's just the 'tip of the iceberg'*, CNBC (July 7, 2020 8:00 a.m.) https://www.cnbc.com/2020/07/07/covid-19-fraud-has-cost-americans-at-least-77-million.html; Robert Snell, *COVID-19 doctor charged in multimillion-dollar fraud case*, The Detroit News (Apr. 28, 2020), https://www.detroitnews.com/story/news/local/detroit-city/2020/04/28/covid-19-doctor-charged-multimillion-dollar-health-care-fraud-case/3038526001/.

Finally, the court will deny Defendant's motion because the sentencing factors it weighs most heavily do not support early release. Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming denial of compassionate release after consideration of § 3553(a)'s factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant is a prolific

7

fraudster who targeted desperate people. His crimes emotionally and financially devastated his victims; in total, he conned over 2,100 known victims out of over $2,000,000. (ECF No. 151, PageID.1778.) The prolonged nature of this scheme demonstrates Defendant's flagrant disregard of the impact his crimes. This factor weighs against release.

**"The need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). The court weighs this factor most heavily. Though his crimes were not violent, the seriousness of Defendant's crimes cannot be understated. The court received an inflow of victim impact statements at the time of sentencing, describing in painful detail how Defendant manipulated families desperate to be reunited with their loved ones. The number of victims in this case reflects the seriousness of the offense.

**"The need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Defendant has long made a career out of impersonating professionals. His instant offense spanned ten years, and he continued to engage in fraud even after his arrest, impersonating a notary while on bond to facilitate the sale of his in-law's home. (ECF No. 151, PageID.1814.) His actions demonstrate that he has little regard for the law, especially when it stands as an impediment to his financial gain. This factor weighs against release.

**"The need for the sentence imposed . . . to protect the public from further crimes of the defendant.** 18 U.S.C. § 3553(a)(2)(C). As explained above, Defendant is a habitual fraudster who eschewed honest work. The prolonged and complicated nature

8

of his most recent scheme raises serious concern that he would seek to exploit vulnerable individuals during the pandemic with yet another fraudulent venture.

"[T]he sentencing range established." 18 U.S.C. § 3553(a)(4). Defendant's guidelines ranged from 324 to 405 months. (ECF No. 136, PageID.1616.) The court sentenced Defendant to a below-the-guidelines sentence of 240 months, a sentence of which he has served approximately half at the time of composing this order. (ECF No. 153-1, PageID.1822.) A more ample satisfaction of his sentence will better accomplish the objectives of sentencing.

In sum, Defendant's motion will be denied because he has not presented an extraordinary justification for early release based on his ordinary medical conditions, he would present a danger to the community, and fuller completion of his statutory sentence is needed to best accomplish the objectives of sentencing. To the extent Defendant's motion could be construed as a request for home confinement, the court will deny such request because the BOP holds the exclusive authority to determine a prisoner's place of imprisonment. 18 U.S.C. § 3621(b). Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release (ECF No. 146) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for appointment of counsel (ECF No. 145) and motions to supplement (ECF Nos. 148, 149, 154) are DENIED AS MOOT.

                                        s/Robert H. Cleland              /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: September 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 10, 2020, by electronic and/or ordinary mail.

                                                                    s/Lisa Wagner          /
                                                                    Case Manager and Deputy Clerk
                                                                    (810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\10-20581.WILSON.CompassionateReleaseCovid.HEK.RHC.docx